697 P.2d 328

**STATE of Arizona, Appellee,**

v.

**Keith D. WHITE, Appellant.**

No. 5863–2.

Supreme Court of Arizona,
In Banc.

March 19, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.

Michael C. Anderson, Bullhead City, for appellant.

CAMERON, Justice.

Defendant, Keith Dean White, was convicted and judged guilty of the crime of first degree murder in violation of A.R.S. § 13–1105(A)(1). He was sentenced to a term of life imprisonment without possibility of parole or release for twenty-five years, A.R.S. § 13–703. We have jurisdiction pursuant to Art. 6, § 5(3) of the Arizona Constitution, and A.R.S. §§ 13–4031 and 13–4035.

Defendant raises two issues on appeal:

1) Did the State present sufficient evidence to prove the first degree murder element of premeditation?

2) Did the trial court err in not instructing on the lesser-included offense of manslaughter?

The facts follow. Defendant and his victim, Dennis Soltow, stole a number of guns from a store in Salida, Colorado. They subsequently arranged to sell these weap-

ons to John Kuhr and Kevin Monahan of Lake Havasu City, Arizona. On the day of the killing, sometime in August or September of 1981, all four men had been drinking. On that day, defendant, the victim and Monahan drove to an abandoned mine shaft in a remote desert area outside of Lake Havasu City. The victim was looking down into the shaft when defendant shot him in the head from behind. Defendant then pushed the body into the shaft and drove away. He returned approximately two weeks later with four gallons of acid, which he poured over the corpse for the purpose of further disposing of it.

Upon being apprehended by the Federal Bureau of Alcohol, Tobacco and Firearms for his involvement in the gun purchase, Monahan told officers that he had witnessed a murder. Based upon this information, defendant was taken into custody. He was charged with and initially pled guilty to the crime of first degree murder. His motion for post-conviction relief, however, was granted and he was allowed to withdraw his plea. Rule 32, Arizona Rules of Criminal Procedure, 17 A.R.S. Defendant was then tried to a jury, convicted, and judged guilty. He now appeals.

## SUBSTANTIAL EVIDENCE

■ Defendant contends that insufficient evidence was adduced at trial to prove the first degree murder element of premeditation. A.R.S. § 13–1105 provides in pertinent part:

A. A person commits first degree murder if:

1. Intending or knowing that his conduct will cause death, such person causes the death of another with premeditation * * *.

A murder is premeditated when one acts with the intent or knowledge to kill another, preceded by a sufficient length of time to permit reflection. A.R.S. § 13–1101(1). The State bears the burden of proving premeditation beyond a reasonable doubt. *State v. Hunter*, 136 Ariz. 45, 48, 664 P.2d 195, 198 (1983). "The necessary premeditation may be as instantaneous as successive

thoughts of the mind and may be proven by either direct or circumstantial evidence." *Id.*

■ In the instant case, Monahan testified that defendant told him that, "he was going to get rid of him [the victim]." He further testified that defendant calmly said, "sorry, buddy" after shooting the victim and then uttered words to the effect that he shot the victim because the victim was going to get him in trouble. We believe that this evidence was substantial enough for the jury to decide as it did that premeditation was proven beyond a reasonable doubt.

Considering the evidence in a light most favorable to sustaining the conviction as we must, *State v. Villafuerte*, 142 Ariz. 323, 690 P.2d 42, 46 (1984); *State v. Piatt*, 132 Ariz. 145, 151, 644 P.2d 881, 887 (1981); *State v. Hall*, 129 Ariz. 589, 593, 633 P.2d 398, 402 (1981), we find no error.

## LESSER INCLUDED OFFENSE

Evidence was adduced at trial that defendant consumed alcohol prior to shooting the victim. The trial court instructed as follows:

No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, but when the actual existence of the culpable mental state of intentionally or with the intent to is a necessary element to constitute any species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the culpable mental state with which he committed the act.

Voluntary intoxication means intoxication caused by the knowing use of intoxicating liquors by the defendant, the tendency of which to cause intoxication the defendant knows or ought to know.

*See* A.R.S. §§ 13–503 and 13–105(33). The trial court instructed on first and second degree murder but not manslaughter. Defendant argues that the trial court erred in not additionally instructing on the lesser-in-

cluded offense of manslaughter, as he claims his conduct while intoxicated amounted to "recklessness" within the meaning of the manslaughter statute.

 In death penalty cases, the trial judge must instruct on all lesser-included offenses supported by the evidence. *State v. Clabourne,* 142 Ariz. 335, 345, 690 P.2d 54, 64 (1984). Manslaughter can be a lesser-included offense of murder. *People v. Landry,* 54 Ill.App.3d 159, 160, 11 Ill.Dec. 588, 589, 368 N.E.2d 1334, 1335 (1977).

Our statute states:

A. A person commits manslaughter by:

1. Recklessly causing the death of another person * * *

A.R.S. § 13-1103. "Recklessly" is further defined as follows:

"Recklessly" means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk.

A.R.S. § 13-105(5)(c).

We do not believe that the record supports a finding and instruction of recklessness.

 First, even though the trial court gave instructions, based upon A.R.S. §§ 13-503 and 13-105(33), as to the effect of voluntary intoxication and, therefore, indicated that defendant may have been intoxicated to some degree, the evidence did not support a finding that defendant was disregarding a "substantial and unjustifiable risk." The acts of defendant were deliberate and not reckless. *See* A.R.S. §§ 13-1103(A)(1) and 13-105(5)(c). *But see State v. Berge,* 25 Wash.App. 433, 439, 607 P.2d 1247, 1251 (1980) ("Because the jury was instructed that it could consider whether [defendant's] voluntary intoxication negated his ability to form the particular mental states necessary to convict for first degree or second-degree murder, the requested first-degree manslaughter instruction should have been given.")

 Second, even if error, the error was harmless beyond a reasonable doubt. *State v. McVay,* 127 Ariz. 450, 453, 622 P.2d 9, 12 (1980). By convicting defendant of first degree rather than second degree murder, the jury rejected defendant's claim that his intoxication was such as to lessen his culpability. In other words, by finding defendant guilty of the highest offense, to the exclusion of the immediately lesser-included offense, second degree murder, the jury necessarily rejected all other lesser-included offenses. The error, if indeed it was error, of not instructing as to such offenses was harmless. We agree with the Supreme Court of Iowa which stated:

Defendant assigns as error the refusal of the trial court to submit the lesser-included offense of manslaughter. There is no merit in the assignment.

Where both first and second-degree murder verdicts are submitted and a first-degree murder conviction is returned there is no prejudice for failure to instruct on manslaughter.

*State v. Nowlin,* 244 N.W.2d 591, 596 (Iowa 1976).

We have searched the record for fundamental error pursuant to A.R.S. § 13-4035, *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), and find none. Defendant's convictions and sentences are affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.