COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Clements and Agee
Argued at Richmond, Virginia


HERBERT GAUSE

MEMORANDUM OPINION[*] BY
v.    Record No. 2468-00-2        JUDGE LARRY G. ELDER
                                   DECEMBER 18, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Thomas V. Warren, Judge

J. Kevin Clarke for appellant.

Eugene Murphy, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


Herbert Gause (appellant) appeals from his jury trial

conviction for second degree murder pursuant to Code § 18.2-32.

On appeal, he contends the evidence (1) supported an involuntary

manslaughter instruction, rendering erroneous the court's

refusal to give such an instruction, and (2) was insufficient to

prove appellant acted with the malice necessary to support his

conviction for second degree murder. We hold that any error in

failing to instruct the jury on involuntary manslaughter was

harmless because the jury's conviction of appellant for second

degree murder, which required proof of malice, and its rejection

of voluntary manslaughter necessarily constituted its rejection

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

of a finding that the killing was done with inadvertence or criminal negligence. We also hold that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to support the jury's finding that appellant acted with malice. Thus, we affirm appellant's conviction.

I.

A.

INVOLUNTARY MANSLAUGHTER INSTRUCTION

In reviewing the trial court's refusal to grant a proffered jury instruction, we view the evidence in the light most favorable to appellant. See, e.g., Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992). "A defendant is entitled to have the jury instructed . . . on those theories of the case" that are supported by "more than a scintilla" of evidence. Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986). As a matter of common law, "[i]t is . . . error for the trial court to refuse to instruct the jury on the lesser offenses charged in the indictment if there is any evidence in the record tending to prove such lesser offenses." Taylor v. Commonwealth, 186 Va. 587, 591, 43 S.E.2d 906, 908 (1947).

Although failure to give a proffered instruction on a lesser-included offense is error when the instruction is supported by the evidence, that error may be harmless. Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507

-

(1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997). An error is harmless "if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). "Such a determination can be made where it is evident from the verdict that the jury would have necessarily rejected the lesser-included offense on which it was not instructed." Turner, 23 Va. App. at 276, 476 S.E.2d at 507.

> "[I]f a defendant is charged with offense 'A' of which 'B' is the next immediate lesser-included offense (one step removed) and 'C' is the next below 'B' (two steps removed), then when the jury is instructed on 'B' yet still convicts the accused of 'A' it is logical to assume that the panel would not have found him guilty only of 'C' (that is, would have passed over 'B'), so that the failure to instruct on 'C' is harmless."

State v. Mendez, 599 A.2d 565, 571 (N.J. Super. Ct. App. Div. 1991) (quoting State v. Abreau, 363 So. 2d 1063, 1064 (Fla. 1978)), cited with approval in Turner, 23 Va. App. at 276, 476 S.E.2d at 507.

Applying these principles in Turner, we held that any error in failing to instruct the jury on voluntary manslaughter in addition to first and second degree murder was harmless where the jury convicted Turner for first degree murder. 23 Va. App. at 276, 476 S.E.2d at 507. Similarly, here, any error in failing to instruct the jury on involuntary manslaughter in

-

addition to first degree murder, second degree murder and voluntary manslaughter was harmless because the jury convicted appellant for second degree murder.  See Mendez, 599 A.2d at 570-72.

An analysis of the elements of these offenses makes clear this result.  Second degree murder is defined as a killing committed with malice aforethought.  Turner, 23 Va. App. at 274, 476 S.E.2d at 506.

> Malice . . . is unnecessary in manslaughter cases and is the touchstone by which murder and manslaughter cases are distinguished. . . .  [Proof of] malice . . . require[s] . . . a wrongful act . . . done "wilfully or purposefully."  This requirement of volitional action is inconsistent with inadvertence.  Thus, if a killing results from [criminal] negligence, however gross or culpable, and the killing is contrary to the defendant's intention, malice cannot be implied[, and the offense constitutes manslaughter].  In order to elevate the crime to second-degree murder, the defendant must be shown to have willfully or purposefully, rather than negligently, embarked upon a course of wrongful conduct likely to cause death or great bodily harm.

Essex v. Commonwealth, 228 Va. 273, 280-81, 322 S.E.2d 216, 219-20 (1984) (citation omitted) (quoting Williamson v. Commonwealth, 180 Va. 277, 280, 23 S.E.2d 240, 241 (1942)).

Here, by convicting appellant of second degree murder, the jury found appellant acted with malice, which indicated it rejected the notion that appellant acted merely with inadvertence or criminal negligence.  Thus, the conviction for

-

second degree murder, when the jury was instructed on voluntary manslaughter, necessarily constituted a rejection of involuntary manslaughter and, therefore, the trial court's error, if any, in failing to instruct the jury on involuntary manslaughter was harmless.

B.

SUFFICIENCY OF THE EVIDENCE TO PROVE MALICE

On appellate review of a challenge to the sufficiency of the evidence to support a criminal conviction, we examine the evidence in the light most favorable to the Commonwealth, and we may not disturb the jury's verdict unless it is plainly wrong or without evidence to support it.  See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  Whether an accused acted with malice is a question of fact and may be proved by circumstantial evidence.  See Canipe v. Commonwealth, 25 Va. App. 629, 642, 491 S.E.2d 747, 753 (1997). Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided the evidence as a whole is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

"'Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will.'"  Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 475 (1989) (quoting Dawkins v. Commonwealth, 186 Va.

-

55, 61, 41 S.E.2d 500, 503 (1947)).  "Implied malice exists when any purposeful, cruel act is committed by one individual against another without any, or without great provocation . . . ."  Pugh v. Commonwealth, 223 Va. 663, 668, 292 S.E.2d 339, 341 (1982).

Here, the evidence, viewed in the light most favorable to the Commonwealth, established that appellant was significantly taller and heavier than the "frail" Melvin Morrison.  Although Morrison had been following appellant around that day, as he often did, and appellant had moved on at least two occasions in order to try to avoid Morrison, the record contains no evidence that Morrison did anything significant to provoke appellant. Employee Harrison said she observed appellant and Morrison merely passing each other going in opposite directions immediately prior to the incident in question.  With little or no provocation, appellant grabbed Morrison from behind, placed him in a bear hug, and picked him up.  Although Nurse Bell-Clyde called out to appellant to stop, appellant ignored her, turned Morrison so that his head was facing downward, and "banged him on the floor."  Morrison's head struck the ground with such force that it made a "loud thump that . . . sounded like somebody's head hitting the pavement," a pool of blood immediately collected around it, and Morrison died three days later as a result of blunt head trauma.  Thus, the only reasonable hypothesis flowing from the circumstantial evidence was that appellant committed a purposeful, cruel act against

-

Morrison with little or no provocation, thereby establishing the malice necessary to support his conviction for second degree murder.

## II.

For these reasons, we hold that any error in failing to instruct the jury on involuntary manslaughter was harmless and that the evidence supported the jury's finding that appellant acted with malice.  Therefore, we affirm appellant's conviction.

<u>Affirmed.</u>