IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee*,

*v.*

LAZARO ENRIQUE VILLA JR.,
*Appellant*.

No 2 CA-CR 2023-0196
Filed April 19, 2024

---

Appeal from the Superior Court in Pima County
No. CR20212256001
The Honorable James E. Marner, Judge

**AFFIRMED**

---

COUNSEL

Kristin K. Mayes, Arizona Attorney General
Alice M. Jones, Deputy Solicitor General/Section Chief of Criminal Appeals
By Ashley Torkelson Levine, Assistant Attorney General, Phoenix
*Counsel for Appellee*

James Fullin, Pima County Legal Defender
By Alex Heveri, Assistant Legal Defender, Tucson
*Counsel for Appellant*

---

**OPINION**

---

Judge O'Neil authored the opinion of the Court, in which Vice Chief Judge Staring and Judge Sklar concurred.

---

O' N E I L, Judge:

¶1      Lazaro Villa, Jr. killed one person and injured another when he opened fire on another driver after a near collision at a gas station. Convicted of first-degree murder, he asserts the trial court should have instructed the jury on manslaughter as a lesser-included offense. He argues the harm was exacerbated by a purported error in the prosecutor's closing argument concerning when the jury should consider a lesser-included offense. We conclude that the evidence did not support a manslaughter instruction, and any error in the prosecutor's argument was neither fundamental nor prejudicial. We therefore affirm Villa's convictions and sentences.

**Background**

¶2      We consider the facts and all reasonable inferences in favor of affirming the verdict. *See State v. Fierro*, 254 Ariz. 35, ¶ 2 (2022). Villa was driving his stepmother home from running errands. On the way, he stopped at a Circle K. Villa filled the truck with gas while his stepmother went inside. Villa finished at the pump, then went to pick up his stepmother at the front of the store. After she had gotten back into the truck, Villa started backing up.

¶3      Villa's "anger kicked in" when another car "almost hit" him. As the other driver began to drive past, Villa pulled his truck forward and stopped alongside and slightly in front of the other car. The car stopped. Villa picked up his gun, opened his door, and began firing. Villa fired either five or six rounds. Five shots struck the driver, J.T., in an area of just over six square inches. Bullets penetrated his heart, lung, and soft tissue, killing him. J.T.'s son was sitting next to J.T. in the passenger seat and was injured by shrapnel. An additional shot may have flattened J.T.'s tire.

¶4      At trial, the state argued both premeditation and felony murder as alternative theories to support a first-degree murder charge. The trial court also instructed the jury on second-degree murder as a lesser-

included offense, under alternative theories that Villa caused J.T.'s death either knowingly or intentionally.  Although only six of the jurors found that the state had proven premeditation, the jury unanimously agreed on the felony murder theory and found Villa guilty of first-degree murder. The court sentenced Villa to natural life in prison for first-degree murder, a consecutive fifteen years' imprisonment for aggravated assault, and a concurrent twenty-one years' imprisonment for drive-by shooting.  We have jurisdiction over his appeal.  A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## Manslaughter Instruction

**¶5**　　　　Villa argues the trial court erred when it denied his request to give a lesser-included jury instruction for manslaughter.  A court must give any requested lesser-included instruction that the evidence supports. *State v. Vickers*, 159 Ariz. 532, 542 (1989).  We review the decision to deny a requested jury instruction for abuse of discretion. *See State v. Price*, 218 Ariz. 311, ¶ 21 (App. 2008).  Villa has shown no error.

**¶6**　　　　Villa asserts the evidence supported a manslaughter instruction under a theory that he "recklessly caused the death of" J.T.[1] *See* A.R.S. § 13-1103(A)(1).  Villa's argument rests on his contention that he killed J.T. in the "heat of passion."  He argues "[i]f the jury believed that Appellant reacted in a heat of passion after being or almost being struck by the victim's vehicle, and that he shot his gun recklessly, creating a grave risk of death and thereby caused the death of another, they could have properly convicted him of manslaughter upon the appropriate instructions."

**¶7**　　　　Reckless manslaughter is a lesser-included offense of first-degree premeditated murder and knowing or intentional second-degree murder. *See State v. Sprang*, 227 Ariz. 10, ¶ 6 (App. 2011); *State v. Valenzuela*, 194 Ariz. 404, ¶ 16 (1999); *State v. Hurley*, 197 Ariz. 400, ¶¶ 12-14 (App. 2000).  Premeditated murder and the theories of second-degree murder at issue in this case involve either intentionally or knowingly causing the death of another person.  A.R.S. §§ 13-1104(A)(1), (2), 1105(A)(1).  Reckless

---

[1]Villa raised an additional theory for the first time on appeal:  he committed provocation manslaughter "on a sudden quarrel or heat of passion resulting from adequate provocation by the victim." *See* A.R.S. § 13-1103(A)(2).  He has withdrawn that argument, however, noting "that argument was an error."

manslaughter, by contrast, requires proof that the defendant caused the person's death recklessly. § 13-1103(A)(1). A defendant acts "recklessly" when he "is aware of and consciously disregards a substantial and unjustifiable risk." A.R.S. § 13-105(10)(c). As the trial court correctly determined, the evidence did not support a manslaughter instruction. On this record, a reasonable jury could not have concluded that Villa's actions were less than knowing or intentional.

¶8 A defendant acts "knowingly" when he "is aware or believes" his conduct is of a certain nature, as "described by a statute defining an offense." § 13-105(10)(b). A defendant acts "intentionally" when his "objective is to . . . engage in that conduct." § 13-105(10)(a). Villa did not consciously disregard a risk that he would shoot at J.T.'s vehicle. *See* § 13-105(10)(c). Villa admitted that he "made a bad decision" when he pointed his gun "straight back" towards J.T.'s car and began firing. That conduct meets the statutory definition of a drive-by shooting. *See* A.R.S. § 13-1209(A) ("A person commits drive by shooting by intentionally discharging a weapon from a motor vehicle at a person, another occupied motor vehicle or an occupied structure."). Villa could have had no other objective than to engage in that conduct when he stopped his truck, picked up his gun, opened his door, aimed in the direction of the victim's vehicle, and began pulling the trigger, firing one round into J.T.'s tire and five more into an area of six by six-and-a-half inches on J.T.'s body. *See Vickers*, 159 Ariz. at 542 (record did not support reckless manslaughter instruction where "[d]efendant did not recklessly disregard the risk," but rather "[d]efendant created the risk").

¶9 Villa nonetheless suggests that he acted only recklessly because he acted in the "heat of passion" when he "became enraged and blacked out." He implies his actions were not intentional because in his anger, he "was not thinking." His argument finds no support in the law.

¶10 Villa's argument conflates the "heat of passion" necessary for provocation manslaughter with the mental state required for reckless manslaughter. *See* § 13-1103(A)(1), (2). Unlike provocation manslaughter, the statutory language applicable to reckless manslaughter makes no reference to a defendant's "heat of passion." *See* § 13-1103(A)(1), (2). Section 13-1103(A)(2) provides that second-degree murder may be reduced to provocation manslaughter when committed "on a sudden quarrel or heat of passion," so long as it results "from adequate provocation by the victim." Application of that provision presupposes that a defendant has committed second-degree murder under any of three subsections in § 13-1104(A), two

of which require a knowing or intentional act. *See* § 13-1104(A)(1), (2). It necessarily follows that provocation manslaughter can be a knowing or intentional homicide. *See* A.R.S. §§ 13-105(10)(a), (b), 13-1101(2), 13-1103(A)(2), 13-1104(A)(1), (2). Indeed, "[a]dequate provocation," as defined in § 13-1101(4), "means conduct or circumstances sufficient to deprive a reasonable person of self-control." Thus, a person may act in the "heat of passion," under circumstances that would deprive a reasonable person of self-control, yet remain guilty of committing a knowing or intentional act. § 13-1103(A)(2); *see also* § 13-1104(A)(1), (2).

¶11 Under the circumstances defined by § 13-1103(A)(2) for provocation manslaughter, the "heat of passion" might reduce a second-degree murder charge to manslaughter, but it does not convert a knowing or intentional act into mere recklessness. *See* § 13-105(10)(a)-(c). Anger does not negate intent. The evidence in this case did not support a reckless manslaughter instruction.

¶12 Nor was Villa prejudiced by the trial court's decision. The jury was instructed on second-degree murder as a lesser-included offense of first-degree premeditated murder. The jury's rejection of that theory amounted to an implicit rejection of any other lesser offenses. *See State v. White*, 144 Ariz. 245, 247 (1985).

¶13 Moreover, manslaughter is not a lesser-included offense of first-degree felony murder, the theory on which the jury unanimously agreed. *See State v. Canion*, 199 Ariz. 227, ¶ 15 (App. 2000) ("[T]here are no lesser-included offenses to felony murder."). The jury was instructed on both felony murder and premeditated murder as alternate theories of first-degree murder. The jury could have considered a lesser offense to premeditated murder only after it had first considered each of the first-degree murder theories. *See id.* ¶ 19. The jury's verdict on the felony murder theory precluded consideration of any lesser offense. *See id.*

¶14 The felony murder theory required proof that Villa committed a "drive by shooting under § 13-1209 . . . and, in the course of and in furtherance of the offense[,] . . . cause[d] the death of [J.T.]" A.R.S. § 13-1105(A)(2). Felony murder "requires no specific mental state other than what is required for the commission of" the underlying drive-by shooting. § 13-1105(B). A "drive by shooting" under § 13-1209 means "intentionally discharging a weapon from a motor vehicle at a person, another occupied motor vehicle or an occupied structure." Thus, to be guilty of felony murder, Villa need not have caused J.T.'s death intentionally, knowingly, or even recklessly. He need only have

intentionally discharged his weapon at J.T. or his vehicle. Because it had found Villa guilty of felony murder, the jury could not have reached manslaughter as a lesser-included offense even if it had accepted Villa's contention that he caused J.T.'s death only recklessly.

## Closing Argument

¶15 Villa also argues a portion of the prosecutor's closing argument "set forth the wrong standard for when the jury could consider second-degree murder." Villa did not object to the prosecutor's comments at trial, so we will reverse only upon a showing of fundamental error and resulting prejudice. *State v. Escalante*, 245 Ariz. 135, ¶ 1 (2018) ("When a defendant fails to object to trial error, he forfeits appellate relief absent a showing of fundamental error."). Villa has demonstrated neither.

¶16 The prosecutor's comments came during the state's rebuttal to Villa's closing argument. Villa had argued that "[s]econd-degree murder is the same as first-degree murder," but "[i]t's just without premeditation." He told the jury that "without this premeditation, it drops to second-degree murder." He argued his actions were neither intentional nor premeditated because there was "no time to formulate intent," and both premeditation and intent "require reflection." He stated that intent is "not just quick reaction," but it "requires formulation."

¶17 In rebuttal, the prosecutor asserted that Villa's arguments "mix[ed] premeditation with the intent that's required under" the felony murder theory. He stated it was "[r]eally important that you pay attention to the substance of your jury instructions." Referring to those instructions, he argued that "nowhere in the definition of intent is there anything about time or reflection." And he argued that to the extent Villa had asked the jury to move from its consideration of "first-degree premeditated murder, way straight down to . . . second-degree" murder, "that's not the law you're following." Instead, the prosecutor summarized the trial court's lesser-included instruction as follows:

> You must consider fully and completely both first-degree premeditated murder and felony murder, and only after you have considered both of those, both and completely, and you can agree on those or you find him not guilty on those, only then can you move down to second-degree murder.

¶18 Villa asserts the prosecutor thus "argued an improper procedure" that required the jury "to first acquit [Villa] of premeditated and then felony murder before it could" consider second-degree murder as a lesser-included offense. *See State v. LeBlanc*, 186 Ariz. 437, 438-39 (1996). Although *LeBlanc* rejected the "acquittal-first requirement" in favor of the "reasonable efforts" procedure when instructing a jury to consider a lesser-included offense, it also stated that "the giving of a[n acquittal-first] instruction does not rise to the level of fundamental error." *Id.* at 439-40 & 440. Thus, although an argument directing jurors to apply an acquittal-first requirement would constitute error, any error in the prosecutor's comments was not fundamental.

¶19 Moreover, Villa has not demonstrated prejudice. What the prosecutor intended to convey is unclear. Villa reads the prosecutor's comments to exclude the possibility that the jury could consider the lesser offense if it was unable to agree on first-degree murder. The state argues the prosecutor simply misspoke. Regardless, we conclude these few imprecise words, brief and ancillary to the prosecutor's argument, would not have misled the jury. Villa concedes that the trial court properly instructed the jury. A proper instruction can be enough to cure a prosecutor's improper comments. *See State v. Haverstick*, 234 Ariz. 161, ¶ 6 (App. 2014); *see also State v. Newell*, 212 Ariz. 389, ¶¶ 67-68 (2006). The jury instructions and verdict form each correctly directed the jury to consider the lesser offense "[i]f [you] find the defendant not guilty of the crimes of first-degree premeditated murder and felony murder, or if after careful deliberation you cannot agree upon a verdict." Viewed in the context of the entire argument and the instructions to the jury, the prosecutor's comments were not prejudicial.

**Disposition**

¶20 We affirm the convictions and sentences.