ANNUNZIATA, Judge.
Following a jury trial in the Circuit Court of the City of Roanoke, appellant, Edwin Cecil Turner, Jr., was convicted of first degree murder and the use of a firearm in the commission of murder. Pursuant to the jury’s recommendation, appellant was sentenced to life imprisonment plus two years. On appeal, appellant contends the trial court erred in refusing to instruct the jury on voluntary manslaughter. We agree, but find the error to be harmless; accordingly, we affirm.
I.
On April 3, 1992, appellant shot and killed William Dale Hartman. For at least four days preceding the shooting, *273 appellant and Hartman were engaged in an on-going conflict. Appellant believed Hartman had stolen some of his property. When appellant confronted Hartman, the two fought. Appellant eventually restrained Hartman, and Hartman admitted having the property. Hartman escaped and, thereafter, threatened to kill appellant. The evidence is in dispute as to whether Hartman brandished a firearm at that time.
The two men then swore out arrest warrants for each other. Appellant accused Hartman of burglary; Hartman accused appellant of assault and battery. After learning of Hartman’s assault on a retarded girl and of the warrant Hartman had sworn out against him, appellant stated to the police that “he would kill the bastard [Hartman] and save everybody a lot of time and trouble” and that “anyone that would take advantage of a retarded girl was a low son-of-a-bitch that ought to die.” According to appellant, Hartman vowed to kill him if he did not drop the charges. Appellant then swore out a warrant against Hartman for intimidating a witness.
During the course of these events, appellant’s mental state deteriorated. Appellant claimed he could “smell” Hartman in his home; he took measures to barricade his windows and front door, and searched for Hartman in his home. Appellant and his girlfriend, Regina Ferris, purchased a handgun, which they placed in Ferris’ vehicle. Appellant grew increasingly upset when he learned that Hartman had been released on bond with respect to the warrants appellant had sworn out.
On the evening of April 3, appellant left his mother’s house in Ferris’ vehicle to pick up a pizza. On his way, appellant drove past his apartment to see if Hartman was around. Appellant saw Hartman sitting in his car and pulled alongside him. According to appellant, Hartman raised his hand, and appellant believed he held a gun. Appellant stated that he sped away with Hartman in pursuit.
Eventually, the two stopped at an intersection. Forensic evidence revealed that appellant shot at Hartman’s vehicle in the intersection. The two then proceeded into an adjacent parking lot. According to appellant, Hartman followed him *274 into the parking lot and pulled alongside appellant’s vehicle. An eyewitness testified that appellant pursued Hartman. Appellant stated that Hartman kept raising his hand toward him but that he was not sure he ever saw Hartman fire a weapon. As they proceeded, appellant continued to shoot at Hartman. Hartman’s vehicle eventually collided with a parked van, and appellant drove away. Hartman received five gunshot wounds, two of which were lethal. No weapons or shell casings were found in Hartman’s vehicle.
The court instructed the jury that they could find appellant (1) guilty of first degree murder; or (2) guilty of second degree murder; or- (3) not guilty.[1] The court refused appellant’s proffered instruction on voluntary manslaughter. The jury found appellant guilty of first degree murder. On appeal, appellant contends that the evidence supported a voluntary manslaughter conviction and that the court erred in refusing the proffered instruction. We affirm the convictions for the reasons that follow.
II.
First degree murder is defined as a malicious killing accomplished by a willful, deliberate, and premeditated act. 2 Virginia Model Jury Instructions—Criminal 34.200 (1993 repl. ed. with 1995 Supp.). Second degree murder does not require a willful, deliberate, and premeditated act; it is defined simply as a malicious killing. Id. at 34.320. Voluntary manslaughter is defined as an intentional killing committed while in the sudden heat of passion upon reasonable provocation. Id. at 34.500; Read v. Commonwealth, 63 Va. (22 Gratt.) 924, 937-38 (1872).
“To speak of a homicide as having been committed with malice aforethought and in sudden passion, upon reasonable provocation is a legal solecism.” Belton v. Common *275 wealth, 200 Va. 5, 9, 104 S.E.2d 1, 4 (1958). Malice and passion cannot co-exist. E.g., id. at 10, 104 S.E.2d at 5. Likewise,
if an unlawful homicide be committed in pursuance of a preconceived purpose, the offence will be murder, no matter how great sudden provocation may have immediately preceded the act. The provocation may have been brought about or sought by the perpetrator; or he may have availed himself of it to give color of justification or excuse to his act, done in execution of his deliberate purpose.
Read, 63 Va. (22 Gratt.) at 938.
The determination of whether a killing is committed in pursuit of a continuing animus or upon reasonable provocation or whether it was accomplished maliciously or in the heat of passion is a jury question. See id. at 939; Moxley v. Commonwealth, 195 Va. 151, 160, 77 S.E.2d 389, 394 (1953). Accordingly, a trial court must instruct the jury on the lesser-included offense of voluntary manslaughter if the evidence of heat of passion and reasonable provocation amounts to “more than a scintilla.” See, e.g., Buchanan v. Commonwealth, 238 Va. 389, 409, 384 S.E.2d 757, 769 (1989), cert. denied, 493 U.S. 1063, 110 S.Ct. 880, 107 L.Ed.2d 963 (1990).
Although the Commonwealth prevailed at trial, we must view the evidence with respect to the refused instruction in the light most favorable to the defendant. E.g., Boone v. Commonwealth, 14 Va.App. 130, 131, 415 S.E.2d 250, 251 (1992). Doing so, we find that the evidence in this case supported a voluntary manslaughter instruction and that the trial court’s failure to instruct the jury on that offense was error.
It remains only to determine whether that error was harmless. An error is harmless “ ‘if a reviewing court can conclude, without usurping the jury’s fact finding function, that, had the error not occurred, the verdict would have been the same.’ ” Davies v. Commonwealth, 15 Va.App. 350, 353, 423 S.E.2d 839, 840 (1992) (quoting Lavinder v. Common *276 wealth, 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc)).
Thus, where the reviewing court is able to determine that the trial court’s error in failing to instruct the jury could not have affected the verdict, that error is harmless. Morse v. Commonwealth, 17 Va.App. 627, 638, 440 S.E.2d 145, 152 (1994). Such a determination can be made where it is evident from the verdict that the jury would have necessarily rejected the lesser-included offense on which it was not instructed. See LeVasseur v. Commonwealth, 225 Va. 564, 592 n. 3, 304 S.E.2d 644, 659 n. 3 (1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 744, 79 L.Ed.2d 202 (1984) (jury’s conviction of capital murder to the exclusion of first degree murder was necessarily a rejection of second degree murder); State v. Bunnell, 340 N.C. 74, 455 S.E.2d 426, 430 (1995) (jury’s conviction of first degree murder to the exclusion of second degree murder was necessarily a rejection of voluntary manslaughter); State v. Mendez, 252 N.J.Super. 155, 599 A.2d 565, 570-72 (App.Div. 1991) (jury’s conviction of purposeful or knowing murder to the exclusion of aggravated manslaughter was necessarily a rejection of reckless manslaughter); cf. Schad v. Arizona, 501 U.S. 624, 645-48, 111 S.Ct. 2491, 2504-06, 115 L.Ed.2d 555 (1991) (defendant not entitled to new trial where trial court failed to instruct jury on lesser-included offense if jury not compelled to choose between offense of conviction and acquittal).
By contrast, where it is impossible to determine from the verdict whether the jury would have necessarily rejected a lesser-included offense on which it was not instructed, error in refusing to instruct on that offense is not harmless. See Boone 14 Va.App. at 132-33, 415 S.E.2d at 251-52 (conviction of malicious wounding reversed where assault and battery instruction, supported by evidence, refused; jury’s rejection of lesser-included offense of unlawful wounding not necessarily a rejection of assault and battery); Barrett v. Commonwealth, 231 Va. 102, 106-07, 341 S.E.2d 190, 192-93 (1986) (conviction on malicious wounding reversed where unlawful wounding *277 instruction, supported by evidence, refused); McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 292-93 (1975) (conviction on second degree murder reversed where voluntary manslaughter instruction, supported by evidence, refused).
As appellant and the dissent note, “[i]t is immaterial that the jury might have rejected the lesser-included offense” where a lesser-included offense instruction supported by the evidence is refused. Barrett, 231 Va. at 107, 341 S.E.2d at 193 (emphasis added); McClung, 215 Va. at 657, 212 S.E.2d at 292-93; Boone, 14 Va.App. at 132-33, 415 S.E.2d at 251-52. Rather, such error is harmless only where the jury’s resolution of disputed facts compels the conclusion that it necessarily excluded an alternative resolution of fact that would have supported the lesser-included offense on which it was not instructed. Such is the case here.
In convicting appellant of first degree murder, the jury rejected the lesser-included offense of second degree murder. In so doing, the jury found beyond a reasonable doubt that appellant acted not only maliciously, but also willfully, deliberately, and premeditatedly. Homicide committed pursuant to a preconceived plan is not voluntary manslaughter; premeditation and reasonable provocation cannot co-exist. Read, 63 Va. (22 Gratt.) at 938; see also Jenkins v. Commonwealth, 244 Va. 445, 457-58, 423 S.E.2d 360, 368 (1992), cert. denied, 507 U.S. 1036, 113 S.Ct. 1862, 123 L.Ed.2d 483 (1993) (voluntary manslaughter instruction properly refused where evidence clearly showed killing premeditated). The verdict reached by the jury here compels the conclusion that it would never have reached a voluntary manslaughter verdict. Bunnell, 455 S.E.2d at 426; State v. Shoemaker, 334 N.C. 252, 432 S.E.2d 314 (1993); State v. Freeman, 275 N.C. 662, 170 S.E.2d 461, 465 (1969).[2] Therefore, we conclude that *278 the jury in this case, by rejecting the lesser-included offense of second degree murder, necessarily rejected the factual basis upon which it might have rendered a verdict on the lesser-included offense of voluntary manslaughter.[3]
Accordingly, the court’s error was harmless, and appellant’s convictions are affirmed.

Affirmed.

. The court also instructed the jury on self-defense and irresistible impulse, which would have resulted in a not guilty verdict if the jury had found accordingly.

. The dissent cites the following four cases in support of its conclusion that the error in refusing the instruction was not harmless: (1) United States ex rel. Matthews v. Johnson, 503 F.2d 339, 346 (3d Cir.1974) (en banc), cert. denied, 420 U.S. 952, 95 S.Ct. 1336, 43 L.Ed.2d 430 (1975);
*278 (2) Commonwealth v. Covil, 474 Pa. 375, 378 A.2d 841 (1977); (3) State v. Benavidez, 94 N.M. 706, 616 P.2d 419 (1980); and (4) People v. Hansma, 84 Mich.App. 138, 269 N.W.2d 504 (1978).
The decision in Matthews is no longer the law in the Third Circuit. See Geschwendt v. Ryan, 967 F.2d 877, 885 n. 13 (3rd Cir.), cert. denied, 506 U.S. 977, 113 S.Ct. 472, 121 L.Ed.2d 379 (1992) (declining to apply Matthews, recognizing that Schad v. Arizona, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991), had overruled it).
The Covil court adopted the Matthews reasoning in reaching its decision. Since Matthews has been overruled, the import of Covil is problematic.
The decision in State v. Benavidez, 94 N.M. 706, 616 P.2d 419 (1980), is based on Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), which addressed a different issue than the one presented here. In Keeble, the only choices afforded the jury were conviction of the greater offense and acquittal; the trial court refused to instruct the jury on a lesser-included offense. Accordingly, the Supreme Court could not say "that the availability of a third option— convicting the defendant of [the lesser-included offense on which it was not instructed]—could not have resulted in a different verdict.” Keeble, 412 U.S. at 213, 93 S.Ct. at 1998. The jury in this case, however, was afforded a third option—to convict on second degree murder. Cf. Schad, 501 U.S. at 645-48, 111 S.Ct. at 2504-06 (defendant not entitled to new trial where lesser-included offense instruction is refused if jury is given three options—conviction of a greater offense, conviction of a lesser offense, and acquittal—and chooses to convict on greater offense; jury not faced with the "all-or-nothing” choice between conviction and acquittal).
Finally, the court in People v. Hansma, 84 Mich.App. 138, 269 N.W.2d 504 (1978), did not adopt a harmless error analysis which is well-established as the standard of review in such cases under Virginia law. See, e.g., Davies, 15 Va.App. at 353, 423 S.E.2d at 840.

. This finding is further supported by the fact that the jury was instructed that "[e]xpress malice exists when a person acts with a deliberate mind and formed design.” When the jury found that appellant acted premeditatedly, it was compelled to find malice. Again, since malice and passion cannot co-exist, see Belton, 200 Va. at 10, 104 S.E.2d at 5, it is clear the jury would never have reached a voluntary manslaughter verdict. To suggest the converse is a legal non sequitur.