COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Moon[*]
Argued at Salem, Virginia


DANNY RICARDO JONES

                                         MEMORANDUM OPINION[**] BY
v.   Record No. 2489-96-3              JUDGE JAMES W. BENTON, JR.
                                            DECEMBER 9, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Mosby G. Perrow, III, Judge

          James J. Angel for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.



     Danny Ricardo Jones was indicted and tried for murder and
use of a firearm in the commission of murder.  A jury convicted
him of voluntary manslaughter and use of a firearm in the
commission of murder.  Jones contends that the Commonwealth
failed to prove beyond a reasonable doubt malice, an essential
element of murder, and, therefore, the evidence is insufficient
to support the conviction for use of a firearm in the commission
of murder.

                                I.

     The Commonwealth's evidence proved that Jones gave a
statement to the police admitting that he shot and killed Robert

---

[*]When the case was argued Judge Moon presided.  Judge
Fitzpatrick was elected Chief Judge effective November 19, 1997.
 Judge Moon participated in the hearing and decision of this case
prior to his retirement on November 25, 1997.

[**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Lewis Allen on January 21, 1996, in the parking lot of a nightclub. His statement indicated that Allen approached him "mouthing off" in the parking lot, hit Jones without provocation, and knocked Jones to the pavement. Allen and other men then beat, stomped, kicked, and hit him in the testicles. Jones told the police that, while he was on the ground, he saw a gun on the pavement and shot Allen.

Jones' friend, Gary Smith, testified that before the shooting occurred he saw Jones outside the nightclub after closing. Smith saw what looked like the handle of a revolver tucked inside Jones' pants. Fifteen minutes later, Robert Lewis Allen and a group of men approached Jones and Smith, yelling vulgarities. When Allen approached Jones, Jones told Allen that Jones had no problem with Allen and that Jones was "no punk." Jones and Allen shook hands. However, Allen then punched Jones. When Jones fell to the icy pavement, "everyone started fighting."

The nightclub's security guard testified that before the nightclub closed he observed that Allen had been rowdy inside the nightclub. He testified that Allen had forcefully bumped several people and that he had to speak to Allen about his conduct. After the nightclub closed, the security guard went to investigate a report of a fight in the parking lot. He testified that more than one hundred people were in the parking lot. As he approached the crowd, he heard a gunshot and saw Jones with a

gun.  Allen was lying on the ground wounded.  When the security guard asked Jones to stop, Jones got in a car and drove away.

At trial, Jones testified in his own defense.  He stated that when the club began to close, he got his coat and went out to the parking lot, looking for his cousin and a friend.  While he was in the parking lot, Allen started yelling vulgarities at him.  After Jones told him that he didn't have a problem with Allen, they shook hands.  Allen then swung and hit Jones, knocking him to the ground.  While Jones was on the ground, Allen and his companions attacked Jones.  Jones felt a series of blows, stomps, and kicks to his head, his testicles, and body.  Jones testified that he saw a gun in a holster lying on the ground and reached for the gun.  He testified, "I was fearful for my life. I was scared that somebody else might pick [the gun] up and use it on me and I was terrified."  Jones shot and killed Allen. Jones testified that he did not aim at Allen.

Jones testified that as he walked to his car, a security guard from the club approached him and told him to "freeze." Jones got into his car and fled.  He threw the gun and holster out of the window.  Jones denied that the gun was his and testified that earlier he only had a large brush in his pocket.

Charles Reaves, Jr., Jones' cousin, testified that he saw Jones and Allen talking and then shake hands.  Allen struck Jones, and Jones fell to the ground.  At that point, five or six other men around Allen started punching and kicking the fallen

Jones.  Several other witnesses testified to the same chain of events.

At the conclusion of the evidence, Jones made a motion to strike the indictments, arguing that there was no evidence of malice.  The trial judge overruled the motion.  The jury found Jones guilty of voluntary manslaughter and use of a firearm in the commission of murder.

## II.

"The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 309 (1979).  It follows from this principle that "the prosecution is burdened with proving beyond a reasonable doubt each and every constituent element of a crime before an accused may stand convicted of that particular offense."  Martin v. Commonwealth, 13 Va. App. 524, 529, 414 S.E.2d 401, 403 (1992).  To support a conviction of use of a firearm in the commission of murder, the Commonwealth must prove all of the elements of murder.

Murder is the unlawful killing of another with malice.  See Jenkins v. Commonwealth, 244 Va. 445, 457, 423 S.E.2d 360, 368 (1992).  Malice, an essential element of murder, see Essex v. Commonwealth, 228 Va. 273, 280, 322 S.E.2d 216, 219 (1984), "is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed any purposeful and cruel act without any or without great provocation."  Branch v.

Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992). See also Pugh v. Commonwealth, 223 Va. 663, 668, 292 S.E.2d 339, 341 (1982).

The trier of fact may infer malice from the deliberate use of a deadly weapon, see Doss v. Commonwealth, 23 Va. App. 679, 685-86, 479 S.E.2d 92, 96 (1996); Perricllia v. Commonwealth, 229 Va. 85, 91, 326 S.E.2d 679, 683 (1985), unless the evidence raises a reasonable doubt whether malice existed. Morris v. Commonwealth, 17 Va. App. 575, 578, 439 S.E.2d 867, 870 (1994). "Proof of malice excludes the presence of passion, and proof of passion presupposes the absence of malice." Hodge v. Commonwealth, 217 Va. 338, 345, 228 S.E.2d 692, 697 (1976). Thus, malice is absent when a person acts under "passion brought on by an unlawful assault." Moxly v. Commonwealth, 195 Va. 151, 158, 77 S.E.2d 389, 393 (1953).

When the evidence proves "'a homicide committed in hot blood, growing solely out of the combat for which a defendant was not responsible,'" the evidence fails to prove malice. Moxly, 195 Va. at 158, 77 S.E.2d at 393 (citation omitted). Likewise, where the killing is "committed in the course of a sudden quarrel, in mutual combat, upon a sudden provocation, which was unquestionably resented, and the provocation, was more than 'very slight,'" malice cannot be presumed from the fact of the killing. Richardson v. Commonwealth, 128 Va. 691, 695-96, 104 S.E. 788, 790 (1920). Thus, malice cannot be inferred when "upon being

assaulted, the passion of the assaulted person become greatly excited, and under that impulse he kill his assailant, though it be with a deadly weapon."  Moxly, 195 Va. at 158, 77 S.E.2d at 393.

Applying these principles to the record before us, we find that the evidence, viewed in the light most favorable to the Commonwealth, is insufficient to support a finding of malice. Although Jones used a firearm to kill Allen, the circumstances were such that the trier of fact could not have inferred beyond a reasonable doubt that Jones acted with malice.  The evidence proved that the killing occurred while Allen and other men were kicking and stomping Jones.  Jones did not cause the fighting to begin.  After Jones was punched and fell, Allen and other individuals punched and kicked Jones while he was on the ground. A reasonable jury could not have found malice under these circumstances.  The killing "was certainly accompanied with such circumstances of extenuation that malice . . . could not be presumed from the fact of the killing," Richardson, 128 Va. at 695-96, 104 S.E. at 109, or from the fact of the use of a deadly weapon.  Moxly, 195 Va. at 158, 77 S.E.2d at 393.

For these reasons, we reverse Jones' conviction for use of a firearm in the commission of murder and dismiss the indictment.

Reversed and dismissed.

Moon, J., dissenting.

I respectfully dissent. "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). In order for the defendant to prevail in this appeal, it must be true that, as a matter of law, the jury could not have reasonably inferred that he acted with malice.

The trier of fact may infer malice from the deliberate use of a deadly weapon. Doss v. Commonwealth, 23 Va. App. 679, 686, 479 S.E.2d 92, 96 (1996). Malice and passion cannot coexist, Turner v. Commonwealth, 23 Va. App. 270, 275, 476 S.E.2d 504, 506 (1996), but the jury reasonably could have concluded that Jones acted not in the heat of passion but with malice.

The jury learned that Jones previously had an altercation with Allen concerning Jones' girlfriend. Jones' friend, Gary Smith, testified that after he expressed to Jones his concern about a group of men in the club the night of the homicide, Jones told him not to worry about them and then showed him what appeared to be a gun. Jones claimed that the object was actually a brush and that he "spotted" on the pavement the gun he used to shoot Allen, but nevertheless he took the gun with him as he walked away from Allen's wounded body and placed it back in its holster before discarding it on the highway.

Furthermore, despite Jones' allegation that he was seriously

injured by Allen's and his friends' attack, Jones had no visible injuries other than a few bruises on his forehead.  Indeed, he shot Allen not from a crouched position on the pavement but rather while standing.  He then walked without incident toward his car, in slick-soled shoes on icy pavement, and drove away.

The jury could reasonably infer from these facts that contrary to Jones' allegation that he merely was defending himself in the heat of passion from an unprovoked attack, Jones acted with malice aforethought.  Because we are required on appeal to grant all reasonable inferences to the Commonwealth, I would affirm the conviction.