COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


BRYANT LAVAR GAYLES

                                        MEMORANDUM OPINION[*] BY
v.     Record No. 0961-99-2            JUDGE CHARLES H. DUFF
                                             MAY 2, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Robert W. Duling, Judge

            Gregory W. Franklin, Assistant Public
            Defender (David J. Johnson, Public Defender,
            on brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Bryant Lavar Gayles, appellant, was convicted of first degree

murder.  On appeal, he argues the trial court erred in refusing to

give his proposed jury instruction on self-defense.  Assuming,

without deciding, that the failure to give the instruction was

error, we find the error was harmless.  Therefore, we affirm the

conviction.

                              FACTS

     The evidence proved that on the evening of June 21, 1998,

Robert Kruk was sitting on his front porch when he saw appellant

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

and Christopher Henshaw walking along the street toward his residence.  Appellant and Henshaw were arguing loudly, and at one point, they began throwing debris at one another.  Kruk and Rebecca Swanson, who also saw appellant and Henshaw from her third floor balcony, both indicated that neither man hit the other with the bottles and bricks they were throwing.  The two men then began tussling.  Swanson heard appellant state to Henshaw, "I will cut you for all you did to me, bitch."  Appellant then retrieved a knife from his duffel bag and fatally stabbed Henshaw in the chest.

Appellant walked away from Henshaw, toward a nearby convenience store.  Before reaching the store, an eyewitness saw appellant throw a knife over a wall into the courtyard of an apartment complex.  The police later recovered the knife from that location.  The police also apprehended appellant shortly thereafter, and appellant admitted that he "stabbed the bitch."  Appellant had splattered blood on his shorts, shoes and legs.  Officer Preuss reported that appellant laughed about the incident, and he showed no remorse, even after hearing that Henshaw was dying.  Appellant stated, "I told that son of a bitch if he fuck[ed] with me again, I'd kill him."  Appellant also told the police, "It was fun."

In an interview with Detective Boswell, appellant repeatedly asserted that he had cut Henshaw with a broken bottle, and he denied stabbing Henshaw with a knife.  However,

-

the police found no broken bottle, only some broken glass, at the crime scene.  Appellant claimed that Henshaw had hit him with a brick, but none of the officers who saw appellant noticed any injuries on appellant's body.  Appellant also asserted that he had called 911 earlier that evening after Henshaw threatened him.  Police records reflected, however, that no 911 calls were received that evening from the pay telephones where appellant alleged he made the call.

At the trial, appellant proffered the following jury instruction:

> If you believe that the defendant was
> without fault in provoking or bringing on
> the fight, and if you further believe that
> the defendant reasonably feared, under the
> circumstances as they appeared to him, that
> he was in danger of being killed or that he
> was in danger of great bodily harm, then the
> killing was in self-defense and you shall
> find the defendant not guilty.

The trial court refused to give the instruction, and appellant appeals that decision.

## ANALYSIS

Appellant contends that because Henshaw attacked him with a brick, then he was entitled to the self-defense instruction. Assuming, without deciding, that a self-defense instruction should have been given, the trial court's failure to give the instruction was harmless error.

"[N]on-constitutional error is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that

-

the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (citation omitted). "[W]here the reviewing court is able to determine that the trial court's error in failing to instruct the jury could not have affected the verdict, that error is harmless." Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997).

Based upon our examination of the record and evidence presented in the case, we are satisfied that the failure to give a self-defense jury instruction did not affect the verdict or otherwise deprive appellant of a fair trial on the merits. The evidence of appellant's guilt was overwhelming. Several witnesses saw appellant and Henshaw arguing. They heard appellant threaten to "cut" Henshaw for "all he did to [him]." None of the eyewitnesses saw Henshaw attack appellant with a brick, and appellant had no injuries after the incident. During the scuffle, appellant took the time to retrieve the knife from his duffel bag, then stabbed the unarmed victim. He also disposed of the murder weapon, lied about making 911 calls, and showed no remorse for Henshaw's death.

Furthermore, the trial court instructed the jury on the elements of first degree murder, second degree murder, and voluntary manslaughter. In his closing argument, appellant argued to the jury that he acted in mutual combat, an element of

-

voluntary manslaughter.  See Wilkins v. Commonwealth, 176 Va. 580, 583, 11 S.E.2d 653, 654 (1940).  However, the jury found appellant guilty of first degree murder.  Thus, the jury found beyond a reasonable doubt that appellant acted maliciously, willfully, deliberately and premeditatedly.  See Rhodes v. Commonwealth, 238 Va. 480, 485, 384 S.E.2d 95, 98 (1989).  A finding of malice excludes a finding of heat of passion.  If upon being assaulted, "'[the defendant's] resistance with a deadly weapon be made in a very cruel manner, not at all justified by the nature of the assault, the inference would be that malice, not passion, impelled the blow making his crime murder.'"  Moxley v. Commonwealth, 195 Va. 151, 158, 77 S.E.2d 389, 393 (1953) (citation omitted).

Furthermore, in the context of the failure to give a lesser-included offense jury instruction, an error "is harmless only where the jury's resolution of disputed facts compels the conclusion that it necessarily excluded an alternative resolution of fact that would have supported the lesser-included offense on which it was not instructed." Turner, 23 Va. App. at 277, 476 S.E.2d at 508.  By convicting appellant of first degree murder, the jury necessarily rejected appellant's mutual combat theory and necessarily rejected the factual basis which would have supported a self-defense claim.  See id. at 277-78, 476 S.E.2d at 508.

-

Accordingly, we affirm appellant's conviction.

<u>Affirmed</u>.