COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


SHUN O'NEAL PATTERSON

                                    MEMORANDUM OPINION* BY
v.    Record No. 0342-01-1        JUDGE RUDOLPH BUMGARDNER, III
                                         FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Verbena M. Askew, Judge

            Edward I. Sarfan (Sarfan & Nachman, L.L.C.,
            on brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Randolph A. Beales, Attorney General, on
            brief), for appellee.


     A jury convicted Shun O'Neal Patterson of first degree

murder, use of a firearm in the commission of a felony, and

robbery.  On appeal, he contends the trial court erred (1) in

finding the evidence sufficient to prove murder, (2) in refusing

his voluntary manslaughter instruction, (3) in giving

contradictory jury instructions, and (4) in giving a

self-defense instruction after telling counsel it would not.

Finding no error, we affirm.

     On appeal, we review the evidence and all reasonable

inferences fairly deducible therefrom in the light most

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

favorable to the Commonwealth.  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).  Where there is credible evidence supporting the verdict, "'this Court should not overrule it and substitute its own judgment, even if its opinion might differ from that of the jury.'"  George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991) (quoting Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961)).

Geraldine Perkins saw the victim riding his bicycle through an apartment complex.  The defendant appeared and "snatched him off his bike."  The two men were "tussling . . . [and] about a minute later the gun went off."  The victim fell to the ground and the gun dropped.  The victim said, "Don't shoot me, don't shoot me."  The defendant reached over to get the gun and said, "I'm going to kill you goddamn it, I'm going to kill you."  The defendant shot the victim, "[t]hen turned around and shot him again."  As Perkins called 911, she saw the defendant running away with the gun in his right hand.

Keara Littlejohn heard a gunshot and went outside her apartment.  She saw the victim lying on the ground and the defendant "standing over" him near his head.  The defendant told the victim to give him his money and then shot the victim twice. The defendant took something from the victim's back pocket and ran.

The victim suffered two gunshot wounds.  One came from a gun pressed tightly against his skin but was not fatal.  The

-

other entered above the collarbone, severed the artery and vein beneath that bone, injured the lung and liver, and lodged in the victim's flank.  It was fatal.

The defendant maintained the victim robbed him at gunpoint shortly before the shooting.  The victim then pursued the defendant and again threatened to shoot him.  The two men struggled, the gun went off, and the victim fell to the ground. The defendant picked up the money the victim had stolen from him earlier and ran.  At first the defendant did not remember having the gun in his hand as he ran, but later he admitted taking the gun and giving it away.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).  The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible. Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

The jury accepted the testimony of the Commonwealth's witnesses and did not accept the defendant's testimony.  The Commonwealth's witnesses were competent and not inherently incredible.  From their testimony, the jury could conclude

-

beyond a reasonable doubt that the defendant committed the offenses charged.

The defendant contends the trial court erred in refusing to instruct on voluntary manslaughter. The court instructed the jury on first and second degree murder, malice, and heat of passion. The court did not instruct on voluntary manslaughter reasoning that no evidence showed the defendant acted in the heat of passion.

In Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997), the trial court instructed on first and second degree murder but refused to instruct on voluntary manslaughter. Turner was convicted of first degree murder. "[B]y rejecting the lesser-included offense of second degree murder, [the jury] necessarily rejected the factual basis upon which it might have rendered a verdict on the lesser-included offense of voluntary manslaughter." Id. at 278, 476 S.E.2d at 508 (footnote omitted).

As in Turner, this jury convicted the defendant of first degree murder. In doing so, it found the defendant acted with malice and premeditation. Voluntary manslaughter requires heat of passion upon reasonable provocation. Heat of passion cannot coexist with malice. Barrett v. Commonwealth, 231 Va. 102, 106, 341 S.E.2d 190, 192 (1986). Reasonable provocation cannot coexist with premeditation. Turner, 23 Va. App. at 277, 476

-

S.E.2d at 508.  The jury would have convicted of second degree murder if it did not find premeditation; it would have acquitted if it did not find malice.  Any error would have been harmless beyond a reasonable doubt because the jury necessarily rejected the factual basis of voluntary manslaughter.

The defendant contends the trial court erred in granting Instruction 6, which defined malice but included a definition of heat of passion.  The defendant argues the instruction was confusing and misleading because the trial court did not instruct on voluntary manslaughter.  We do not address this contention because the defendant did not object to Instruction 6 as given.  Rule 5A:18; Barnabei v. Commonwealth, 252 Va. 161, 170, 477 S.E.2d 270, 275 (1996), cert. denied, 530 U.S. 1300 (2000).

The defendant also contends the trial court erred in giving a self-defense instruction after indicating it would refuse the instruction.  The trial court could change its initial ruling to refuse the instruction.  The defendant never objected to receiving the instruction at trial and did not request additional time to prepare his closing argument.  We will not consider this issue for the first time on appeal.  Rule 5A:18.  The record does not reflect any reason to invoke the exceptions to the rule.  The defendant requested the self-defense instruction; he got the instruction he requested.

-

We conclude the trial court properly instructed the jury and the evidence proved first degree murder beyond a reasonable doubt.  Accordingly, we affirm the convictions.

<u>Affirmed.</u>