COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


NICOLAS REYES

MEMORANDUM OPINION[*] BY
v.    Record No. 0360-01-4       JUDGE G. STEVEN AGEE
JULY 30, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
John E. Kloch, Judge

Lana M. Manitta (Mark J. Petrovich; Martin,
Arif, Petrovich & Walsh, on brief), for
appellant.

Eugene Murphy, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


Nicolas Reyes (Reyes) was convicted by an Alexandria

Circuit Court jury of first degree murder and the use of a

firearm in the commission of a murder. He was sentenced to

serve a term of imprisonment of forty-seven years. On appeal,

Reyes argues that the trial court erred by denying his proffered

jury instruction on voluntary manslaughter. For the following

reason, we affirm the decision of the trial court.

I.   BACKGROUND

As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, only those facts necessary to a disposition of this appeal are recited.

On the night of April 30, 1991, Bartolo Reyes (Bartolo) suffered fatal gunshot wounds. Reyes, Bartolo's live-in boyfriend, fled the Commonwealth shortly thereafter. He was not found until arrested in Miami, Florida on July 18, 2000.

Jose and Sonya Cruz lived in a house with Reyes and Bartolo. The Cruzes occupied one bedroom, Reyes and Bartolo the other. However, on the night Bartolo was shot, she and her infant son were permitted, at her request, to stay with the Cruzes in their bedroom. After the lights were turned off, Reyes entered the room.

According to the Cruzes, Reyes opened the bedroom door, turned on the lights, entered the room with a gun in his hand and stated, "I'm going to kill you." Reyes directed his words to the bed where Bartolo was lying with her son. Bartolo rose and asked Reyes, "What's wrong with you?" As Bartolo proceeded towards Reyes, with nothing in her hands, Reyes fired the gun. Bartolo fell to the ground and Reyes fired the gun again, shooting Bartolo in the head. The Cruzes further testified that no struggle occurred between Reyes and Bartolo.

Reyes, however, testified that he and Bartolo had problems in their relationship and that she had previously threatened him with a gun. The night of her death, though, they were getting along. After Bartolo went to bed in the Cruzes' room, another

-

occupant of the house told Reyes that she was calling him from that room. Reyes said he then entered the Cruzes' room and asked Bartolo what she was doing in that room. According to Reyes' testimony, Bartolo then jumped out of the bed and said that she was going to kill him. They struggled, she tripped on the edge of the bed and fell, and the gun went off. He testified that they both then fell to the floor and the other shot went off.

Reyes contends that he never had the gun in his hand and that the incident was an accident.

At the close of evidence, the trial court instructed the jury on first and second degree murder, malice, self-defense and accidental killing. Although requested by Reyes, the trial court did not instruct the jury on voluntary manslaughter reasoning that no evidence showed Reyes acted in the heat of passion or during mutual combat.

## II. ANALYSIS

Reyes alleges on appeal that the trial judge erred in refusing his proffered jury instruction on voluntary manslaughter. He contends an instruction on the offense of voluntary manslaughter, a lesser-included offense of murder, is supported by the evidence in the case. As such, he argues the trial court should have instructed the jury on the lesser offense and its failure to do so constitutes reversible error. We disagree.

-

In Turner v. Commonwealth, 23 Va. App. 270, 476 S.E.2d 504 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997), the trial court instructed the jury on first and second degree murder but refused to instruct it on voluntary manslaughter. Turner was convicted of first degree murder. He appealed to this Court alleging the trial court erred in refusing to instruct the jury on voluntary manslaughter and that such an error required a new trial. We disagreed, holding that where the jury is instructed on first degree murder and second degree murder, the jury rejects second degree murder when the defendant is convicted of first degree murder. Such a verdict "compels the conclusion that [the jury] would never have reached a voluntary manslaughter verdict." Id. at 277, 476 S.E.2d at 508 (citations omitted). We deemed any error in refusing to give the instruction to be harmless. "[B]y rejecting the lesser-included offense of second degree murder, [the jury] necessarily rejected the factual basis upon which it might have rendered a verdict on the lesser-included offense of voluntary manslaughter." Id. at 278, 476 S.E.2d at 508 (footnote omitted).

As in Turner, the jury in the case at bar convicted Reyes of first degree murder. In doing so, it found Reyes acted with malice and premeditation, necessary elements of first degree murder. By contrast, voluntary manslaughter involves the unlawful killing of another without malice or premeditation.

-

See Moxley v. Commonwealth, 195 Va. 151, 157, 77 S.E.2d 389, 393 (1953).  The jury would have convicted Reyes of second degree murder if it did not find premeditation; it would have acquitted if it did not find malice.  Pursuant to our holding in Turner, therefore, any error by the trial court in refusing to give the requested instruction is harmless beyond a reasonable doubt because the jury necessarily rejected the factual basis of killing without malice or premeditation upon which a voluntary manslaughter verdict could have been returned.

Therefore, assuming without deciding, that the trial court erred in refusing to instruct the jury on voluntary manslaughter, Turner mandates that such error was harmless.  The judgment of the trial court is therefore affirmed.

Affirmed.

-

Benton, J., dissenting.

In Turner v. Commonwealth, 23 Va. App. 270, 275, 476 S.E.2d 504, 507 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997), where the jury convicted the defendant of first degree murder, this Court and the Supreme Court held that the trial judge erred in refusing to instruct the jury on voluntary manslaughter. In view of the facts of that case, however, both courts ruled that the error was harmless. Id.

The issue whether Reyes acted maliciously and with premeditation was disputed in this case. Unlike in Turner, where the opinion notes the evidence proved the defendant armed himself, sought to find the victim, and continuously pursued and shot the victim, 23 Va. App. at 273-74, 476 S.E.2d at 506, the evidence in this case was sufficient to prove Reyes was unarmed. See Blondel v. Hayes, 241 Va. 467, 469, 403 S.E.2d 340, 341 (1991) (holding that evidence must be viewed in the light most favorable to the proponent of the instruction). The evidence further proved that Reyes and Bartolo argued and that after the argument Bartolo went into a bedroom, which was not theirs. When Reyes entered the bedroom and asked Bartolo why she was in that bedroom, Bartolo jumped from the bed, threatened to kill Reyes, and struggled with him. Bartolo had a gun. During the course of the struggle, the gun discharged twice killing Bartolo.

-

Although the evidence could have supported a finding of non-malicious homicide, the trial judge only instructed the jury on degrees of homicide that involved malice. A jury's decision to select culpability from one of the malicious homicides on which it was instructed does not manifest beyond a reasonable doubt that the jury would not have found a non-malicious killing if properly instructed. . . . [T]he jury's rejection of one theory of the case does not necessarily indicate that it would have rejected another theory of the case that was supported by evidence.

In failing to instruct the jury that it could convict Turner of a homicide of a lesser grade than first or second degree murder, the trial judge misdirected the jury by limiting the jury's options to a finding of a malicious killing or a not guilty verdict.

Turner, 23 Va. App. at 281, 476 S.E.2d at 510 (Benton, J., dissenting) (citations omitted).

In short, the jury might have decided to convict Reyes of murder because the Commonwealth proved he intentionally killed Bartolo without a reasonable belief that he was acting in self-defense. Because the jury was improperly instructed, it could have reached that decision despite clear proof that Reyes killed Bartolo upon sudden passion brought on by mutual combat. In the absence of an instruction that a homicide also was committed under the latter circumstances, the jury was precluded from finding Reyes guilty of the lesser offense of voluntary manslaughter. The error, therefore, was not harmless.

-

For these reasons and the reasons more fully stated in Turner, 23 Va. App. at 279-86, 476 S.E.2d at 508-12 (Benton, J., dissenting), I would reverse the convictions and remand for a new trial.