COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Benton and
        Senior Judge Overton
Argued at Alexandria, Virginia


DWAYNE MICHEAL BARNHILL

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2733-01-4          JUDGE NELSON T. OVERTON
                                       OCTOBER 8, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                  William D. Hamblen, Judge

        William A. Boge for appellant.

        Richard B. Smith, Senior Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


    A jury convicted Dwayne M. Barnhill, appellant, of first

degree murder and use of a firearm in the commission of murder.

On appeal, he contends the trial court erred in refusing to

instruct the jury on voluntary manslaughter and that such error

was not harmless.  We disagree and affirm.

                         BACKGROUND

    Appellant, Kenneth Wilson, Fahd Eltobgi and Terrell Weathers

drove a Subaru to a certain area in Prince William County,

Virginia, to purchase marijuana.  A Jeep pulled alongside the

Subaru and a few individuals, including Christopher Bouling, the

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

victim, exited and approached the Subaru on foot. Bouling reached through the driver's window of the Subaru and punched Wilson in the face and threw or hit Wilson with a bottle. After the assault on Wilson, several shots were fired from the Subaru that appellant occupied. Eltobgi and Weathers testified appellant fired the shots. Eltobgi also testified appellant stated to Wilson, "I did it for you Kenny." Eltobgi testified that later in the evening appellant kissed Wilson on the forehead and said, "We're brothers now." Star Hambleton testified he had a conversation with appellant the following day and appellant admitted firing the shots. Appellant testified he did not fire the gun, but that Wilson had fired it. Appellant also denied making the admission to Hambleton and denied telling Wilson, "I did it for you Kenny."

Appellant asked the trial court to instruct the jury on voluntary manslaughter and proffered the instructions. Appellant argued he acted upon reasonable provocation and in the heat of passion when he observed Bouling hit Wilson. The trial court found that Wilson and appellant had a "casual friendship." The trial court also found that seeing Bouling hit Wilson did not give appellant adequate provocation and that appellant did not act in the heat of passion. The trial court instructed the jury on first and second degree murder, and refused appellant's proffered instructions on voluntary manslaughter.

> [W]here the reviewing court is able to
> determine that the trial court's error in
> failing to instruct the jury could not have
> affected the verdict, that error is
> harmless.  Such a determination can be made
> where it is evident from the verdict that
> the jury would have necessarily rejected the
> lesser-included offense on which it was not
> instructed.

Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997).  When a jury was instructed on first degree murder and second degree murder and convicted the defendant of first degree murder, such a verdict "compels the conclusion that [the jury] would never have reached a voluntary manslaughter verdict."  Id. at 277, 476 S.E.2d at 508.

Code § 18.2-32 provides in part, "[m]urder . . . by any willful, deliberate, and premeditated killing . . . is murder of the first degree."  "'To premeditate means to adopt a specific intent to kill, and that is what distinguishes first and second degree murder.'"  Rhodes v. Commonwealth, 238 Va. 480, 485, 384 S.E.2d 95, 98 (1989) (citation omitted).  "Second degree murder is defined as a 'malicious killing' of another person."  Lynn v. Commonwealth, 27 Va. App. 336, 351, 499 S.E.2d 1, 8 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999).  "Manslaughter, on the other hand, is the unlawful killing of another without malice."  Barrett v. Commonwealth, 231 Va. 102, 105, 341 S.E.2d

190, 192 (1986).  "'Malice and heat of passion are mutually exclusive; malice excludes passion, and passion presupposes the absence of malice.'"  Robertson v. Commonwealth, 31 Va. App. 814, 823, 525 S.E.2d 640, 645 (2000) (citation omitted).

Assuming without deciding the trial court erred in refusing to instruct the jury on voluntary manslaughter, the error was harmless because the jury convicted appellant of first degree murder.  In convicting appellant of first degree murder, the jury rejected the lesser-included offense of second degree murder.  In so doing, the jury found beyond a reasonable doubt that appellant acted not only maliciously, but also willfully, deliberately, and with premeditation.  Any error was harmless beyond a reasonable doubt because the jury necessarily rejected the factual basis of voluntary manslaughter.  Based upon the foregoing, we affirm appellant's convictions.

Affirmed.

-