COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Frank and Clements
Argued at Alexandria, Virginia


AKBAR ABDUL KARIM BILAL

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0772-01-4       JUDGE JEAN HARRISON CLEMENTS
                                       DECEMBER 17, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

Jeanne E. Klapps (Michael C. Sprano,
Assistant Public Defender; Office of the
Public Defender, on brief), for appellant.

Jennifer R. Franklin, Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


Akbar Abdul Karim Bilal was convicted in a jury trial of assault and battery. On appeal, he contends the trial court erred in refusing to give his requested instruction on mutual combat to the jury. Finding no error, we affirm the conviction.

I. BACKGROUND

On September 5, 2000, Bilal returned to his home with his wife and grandson. Upon his arrival, he encountered his daughter's boyfriend, Ahmad Miles, outside of the apartment building.

Miles, a witness for the Commonwealth, testified Bilal approached him and accused him of keying his car and disrespecting

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

his wife.  Miles stated he denied keying Bilal's car and disrespecting his wife and started to walk away from the apartment building, but Bilal grabbed him by the side of the head, slammed him against a wall and mailbox several times, and shoved him into some bushes, causing him to fall on his back.  According to Miles, who, at five feet seven inches tall and one hundred and twenty pounds in weight, was "considerably smaller" than Bilal, Bilal then sat on his chest, pinning his arms on the ground with his knees, and punched him in the head and face approximately seven times.  Miles testified that, while on top of him, Bilal threatened to kill him and told him to never "mess with [his] family again."  According to Miles, Bilal then got off of him, at which point Miles jumped up and ran away from Bilal.

Miles testified he suffered a severe cut on his ear and had a tooth knocked out during the altercation.  Miles further testified he never struck or threatened to strike Bilal and never gave Bilal permission to strike or otherwise attack him.

The police officer who responded to the incident, testified Miles was bleeding from the wound where his tooth had been knocked out and from his ear.  The officer further testified he observed no injuries to Bilal.

Karimah Rasheedah Bilal, Bilal's wife, testified on behalf of her husband.  She stated that, when her husband approached the apartment building, Miles started talking to him and an argument ensued.  According to Mrs. Bilal, Miles "started gesturing . . . with his hands, and he was . . . approaching, and he got very close up on [Bilal], swinging and gesturing his hands."  Mrs. Bilal stated Miles then shoved Bilal with both hands and

subsequently grabbed him by the shoulders.  Bilal then grabbed

Miles and the two men, according to Mrs. Bilal, struggled "in

front of the building, and down the stairs, and . . . through a

briar patch," at which point they fell, with Bilal landing on top

of Miles.  Mrs. Bilal testified Bilal told Miles to calm down and

that "he really didn't want this type of exchange to happen."

After approximately three minutes, the two men got up and Miles

went to the parking lot, where, according to Mrs. Bilal, "he

continued to scream obscenities" at them.  Mrs. Bilal testified

Bilal never punched Miles or threw him against a wall or mailbox.

Bilal was charged with unlawful wounding and tried before a

jury.  Following the presentation of evidence at trial, the jury

was instructed on both unlawful wounding and the lesser-included

offense of assault and battery.  Bilal, who did not testify at

trial, proffered three jury instructions propounding his

alternative theories of defense:  self-defense without fault,

self-defense with fault, and mutual combat.  The trial court

granted Bilal's instruction on self-defense without fault but

denied the other two.

Bilal's proposed instruction on mutual combat, Instruction M,

read as follows:

> If you believe from the evidence that
> Akbar Bilal and Ahmad Miles were involved in
> mutual combat, then you shall find Mr. Bilal
> not guilty.  In order for combat to have been
> mutual it must have been voluntary and
> mutually entered into by both parties.

In denying Instruction M, the trial court ruled it was legally

inappropriate and unsupported by the evidence.

The jury subsequently found Bilal guilty of the

lesser-included offense of assault and battery, and this appeal followed.

## II. ANALYSIS

The sole issue on appeal is whether the trial court erred in refusing to give Instruction M to the jury.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "A defendant is entitled to have the jury instructed only on those theories of the case that are supported by evidence." Connell v. Commonwealth, 34 Va. App. 429, 436, 542 S.E.2d 49, 52 (2001). "[A]n instruction is proper only if supported by more than a scintilla of evidence." Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001). In reviewing a trial court's refusal to give a requested instruction, "we view the evidence in the light most favorable to the proponent of the instruction." Turner v. Commonwealth, 23 Va. App. 270, 275, 476 S.E.2d 504, 507 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997).

On appeal, Bilal argues the requested instruction is proper because it propounds a legally valid defense to assault and battery and is supported by the evidence. He maintains that, on the basis of his wife's testimony at trial, "[t]here was more than a mere scintilla of evidence in this case that the complaining witness consented to being grabbed and pushed by the appellant." Thus, he asserts, the trial court erred in refusing to grant

Instruction M.

Assuming, without deciding, that mutual combat may be a defense to a charge of assault and battery, we hold nonetheless that the evidence presented in this case, even viewed in the light most favorable to Bilal, does not warrant a mutual combat instruction. In particular, the record contains no evidence that Miles and Bilal were engaged in mutual combat.

"For combat to be 'mutual,' it must have been voluntarily and mutually entered into by both . . . parties to the affray." Lynn v. Commonwealth, 27 Va. App. 336, 356, 499 S.E.2d 1, 10 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999). Here, Bilal's evidence clearly established that Bilal did not enter into the physical confrontation with Miles mutually or voluntarily. Mrs. Bilal testified the altercation started when Miles shoved and then grabbed Bilal. Following that attack, the two men struggled "in front of the building, and down the stairs, and . . . through a briar patch," at which point Bilal ended up on top of Miles. Bilal then attempted to calm Miles and end the confrontation, telling Miles that "he really didn't want this type of exchange to happen."

The only reasonable conclusion that can be drawn from this evidence is that Bilal did not willingly enter into the affray, but did so solely to defend himself after being shoved and grabbed by Miles. As we noted in Smith v. Commonwealth, 17 Va. App. 68, 72-73, 435 S.E.2d 414, 417 (1993) (quoting Harper v. Commonwealth, 165 Va. 816, 820, 183 S.E. 171, 173 (1936)):

> "One who is assaulted may and usually does defend himself, but the ensuing struggle cannot be accurately described as a mutual

combat."  Otherwise, "every fight would be a mutual combat."

Hence, the evidence fails to support Bilal's theory of mutual combat.  We conclude, therefore, that the trial court did not err in refusing to give Instruction M to the jury.  See <u>Lea v. Commonwealth</u>, 16 Va. App. 300, 304, 429 S.E.2d 477, 479-80 (1993) (holding that "[a]n instruction that is not supported by the evidence . . . is properly refused").

Accordingly, we affirm Bilal's conviction.

<u>Affirmed.</u>