COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Beales
Argued by teleconference

MICHAEL LANCASTER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1883-09-1              CHIEF JUDGE WALTER S. FELTON, JR.
                                                         FEBRUARY 1, 2011

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Johnny E. Morrison, Judge

            Gregory K. Matthews (S. Jane Chittom; Office of the Public
            Defender, on brief), for appellant.

            Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Michael Lancaster ("appellant") appeals his conviction for first-degree murder of his father

Franklin Lancaster ("father") in violation of Code § 18.2-32.  On appeal, appellant contends the trial

court erred in refusing to grant his proffered justifiable self-defense jury instruction.[1]  From the

record on appeal, we conclude that even if the trial court erred in refusing to give appellant's

requested justifiable self-defense jury instruction, any such error was harmless.  Accordingly, we

affirm appellant's conviction.

                                         FACTS

        Ordinarily when "we consider . . . whether the trial court erred in refusing to grant a

proper instruction of law proffered by the accused, we view the facts relevant to the

───────────────

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant also contends the trial court erred in granting the Commonwealth's excusable
self-defense jury instruction.  The record on appeal reflects that appellant did not object to this
instruction.  Accordingly, we will not consider that assertion of trial court error for the first time
on appeal.  See Rule 5A:18.

determination of that issue in the light most favorable to [appellant]." Commonwealth v. Cary, 271 Va. 87, 90-91, 623 S.E.2d 906, 907 (2006). In this case, because we assume without deciding that error occurred and consider whether any such error was harmless, we find it necessary to consider both appellant's and the Commonwealth's theories of the case.

On November 13, 2008, appellant, who was fifty-four, fatally stabbed seventy-five-year-old father with a knife in the foyer of the Portsmouth magistrate's office. Appellant and father were the only people in the foyer at the time, although others were nearby and heard the commotion. Father bled to death in the foyer from stab wounds to his head and neck. He had defensive wounds on his left arm and hand. The wound in his left hand passed entirely through it, and the blade of the knife was recovered from the wound in his left arm. From a "deep" wound on Franklin's cheek, the medical examiner recovered a metal fragment that was determined to be the tip of the knife.

The Commonwealth's theory of the case was that the knife belonged to appellant and that the killing was premeditated, and the Commonwealth presented evidence sufficient to prove its theory.[2] It was undisputed that the two men had a long, tumultuous relationship. In the days leading up to father's death, appellant argued frequently with father over father's refusal to give him money. Appellant also argued with father because father, who was involved in real estate and owned several residential properties, refused to provide a house for appellant even though father had provided houses for appellant's sisters. Two of appellant's sisters testified that, during the month prior to father's death, appellant told them separately that he wanted to kill father and "slice his throat." Appellant denied making these statements.

---

[2] An assignment of error challenging the sufficiency of the evidence to prove malice and premeditation was denied at the petition stage. Thus, the sufficiency of the evidence is not before us in this appeal.

Either the day before or the day of father's death, appellant again argued with father after father refused to give him money. Appellant testified father told him, "I hate you with a passion, and I want you to go on your own and stay away from me." Appellant, who was on parole at the time, further testified that father "threatened to [go] down [to a magistrate]" and say appellant had threatened him, which appellant said was "a lie," in order to "have [appellant] locked up" again.

Appellant testified that he went to the magistrate's office to prevent father from securing the threatened warrant against him and that when he confronted father, father reached into his jacket, pulled out a knife, and "came at me with [it]." Appellant said he was unsure whether father meant only to frighten him or whether he intended to physically attack him with the knife, but that when father approached him with the knife, he "had to protect [him]self." Appellant said he "tussl[ed]" with father and "had a little trouble getting [the knife] from him" because father "[had] a strong grip." He also said "things happened so fast" and that he "blacked out" and could not remember everything that happened.

In contradiction to appellant's testimony, the investigating officer said appellant told him shortly after the incident that father had already put the knife away when appellant took it from him. One of the officers who responded to the scene testified he overheard appellant say, "That's my daddy. He deserves that. Threw your own child out, got money, but won't help him."

Appellant and the Commonwealth each proffered separate self-defense jury instructions. The trial court granted the Commonwealth's jury instruction number 10 on excusable self-defense, which provided:

> If you believe from the evidence that the defendant was to some
> degree at fault in provoking or bringing on the difficulty, and if
> you further believe that when attacked:
>
> (1) he retreated as far as he safely could under the circumstances
> (2) in a good faith attempt to abandon the fight: and

- 3 -

(3) made known his desire for peace by word or act: and
(4) he reasonabl[y] feared under the circumstances as they appeared
to him that he was in danger of bodily harm: and
(5) he used no more force tha[n] was reasonably necessary to
protect himself from the threatened harm, then you shall find the
defendant not guilty.

It denied appellant's proposed justifiable self-defense jury instruction, which provided:

If you believe that the defendant was without fault in provoking or
bringing on the difficulty, and if you further believe that the
defendant reasonably feared, under the circumstances as they
appeared to him, that he was in danger of being killed or that he was
in danger of great bodily harm, then the killing was in self-defense,
and you shall find the defendant not guilty.

In refusing appellant's requested justifiable self-defense jury instruction the trial court stated: "The Court is of the opinion that based on the evidence and the testimony of the witnesses with respect to this trial, that instruction number ten was the one which was appropriate and not the one which was refused by the Court."

The jury convicted appellant of first-degree murder and fixed his sentence at life imprisonment.

ANALYSIS

Appellant asserts that the trial court erred in failing to grant his requested justifiable homicide self-defense instruction. Based on our examination of the record on appeal, we conclude that the trial court's refusal to give appellant's proposed justifiable self-defense jury instruction was, at most, harmless error.

"[N]on-constitutional error is harmless 'when it *plainly appears* from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005-06, 407 S.E.2d 910, 911 (1991) (*en banc*) (quoting Code § 8.01-678). "In a criminal case, it is implicit that, in order to determine whether there has been a fair trial on the merits and whether substantial

- 4 -

justice has been reached, a reviewing court must decide whether the alleged error substantially influenced the jury. If it did not, the error is harmless." Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001); see Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997).

Here, the trial court instructed the jury on the elements of first-degree murder, second-degree murder, and voluntary manslaughter, as well as excusable self-defense. By convicting appellant of first-degree murder, the jury necessarily found, beyond a reasonable doubt, that appellant acted with premeditation, and willfully, maliciously, and deliberately killed his seventy-five-year-old father at the magistrate's office where father went to obtain a warrant against him.

> [B]y finding both that the killing was without just cause or excuse and with malice, the jury must have found either that [appellant] did not believe it was necessary to kill [father] in order to save himself from death or great bodily harm or that, if he did, such a belief was not reasonable under the circumstances.

State v. Reid, 440 S.E.2d 776, 790 (N.C. 1994); cf. Turner, 23 Va. App. at 277, 476 S.E.2d at 508 (in the context of a failure to give a lesser-included offense jury instruction, holding an error "is harmless . . . where the jury's resolution of disputed facts compels the conclusion that it necessarily excluded an alternative resolution of fact that would have supported the lesser-included offense on which it was not instructed").

We conclude from the record on appeal that, assuming without deciding that the trial court erred in refusing the justifiable self-defense instruction, any such error on the part of the trial court was harmless error. Accordingly, we affirm appellant's conviction.

Affirmed.